FILED UNDER SEAL

CONTAINS INFORMATION DESIGNATED AS "CONFIDENTIAL" PURSUANT TO PROTECTIVE ORDER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| E.I. DU PONT DE NEMOURS AND COMPANY,<br><br>                   Plaintiff,<br><br>                v.<br><br>KOLON INDUSTRIES, INC.,<br><br>                   Defendant. | 12 Misc. 120 |

**DECLARATION OF CARRIE A. TENDLER IN SUPPORT OF
PLAINTIFF JUDGMENT CREDITOR'S MOTION FOR TURNOVER ORDER
AGAINST GARNISHEE INDUSTRIAL BANK OF KOREA**

Pursuant to 28 U.S.C. § 1746, Carrie A. Tendler, declares as follows:

        1.        I am a partner at Kobre & Kim LLP, attorneys for the plaintiff in this action, E.I. du Pont de Nemours and Company ("DuPont").

        2.        I am over the age of 18 and make this declaration from personal knowledge based on information reviewed and referenced herein. Unless otherwise stated, the facts and matters referred to in this declaration are true; otherwise, they are true to the best of my knowledge, information and belief and I refer to the source thereof.

        3.        Exhibits are attached containing documents relevant to this declaration.

**Background**

        4.        On November 22, 2011, the United States District Court for the Eastern District of Virginia entered a judgment in favor of DuPont and against Kolon Industries, Inc. in the amount of US $919.9 million in compensatory damages and US $350,000 in punitive

damages (the "Judgment"). By corporate combination, restructuring or other transaction, Kolon Industries, Inc. is now also known as Kolon Corp or Kolon Corporation (collectively, "Kolon" or the "Judgment Debtor").

5. On April 10, 2012, the United States District Court for the Eastern District of Virginia denied Kolon's motion to stay execution and granted DuPont's motion for permission to register the Judgment in other federal Districts pursuant to 28 U.S.C. § 1963.

6. On April 13, 2012, DuPont registered the Judgment in this Court.

7. This declaration is provided in further support of DuPont's motion for a turnover order against garnishee Industrial Bank of Korea ("IBK") pursuant to Rule 69 of the Federal Rules of Civil Procedure and N.Y. CPLR § 5225(b).

**The Judgment Debtor**

8. Kolon is a global company based in South Korea which manufactures and markets industrial materials, chemicals, optical films, and fibers and fabrics for the apparel and fashion industries. Kolon produces and markets products which compete with DuPont's KEVLAR® products.

9. In February 2009, DuPont brought a civil action in the U.S. District Court for the Eastern District of Virginia against Kolon for the misappropriation of trade secrets and other related causes of action (the "Action").

10. During the pendency of the Action, in December 2009, Kolon undertook a corporate restructuring whereby Kolon Industries, Inc. (the defendant in the Action) split into two companies: a new holding company by the name of Kolon Corp (or Kolon Corporation), which adopted Kolon's previous ticker symbol on the Korean Stock Exchange, KSE:002020, and a "new" Kolon Industries Inc., which was established as an operating company, and was relisted under a new ticker symbol, KSE:120110. According to Kolon, the restructuring was effective as of December 31, 2009. Many of the subsidiaries and affiliates previously under

2

the control of the original defendant in the Action were carved out and put under the control of the newly formed holding company, leaving the new operating company (which called itself Kolon Industries Inc.) with potentially only a portion of its previous holdings. *See* Exhibit A.

**The Judgment**

11.  After a seven-week trial, a jury sitting in the U.S. District Court for the Eastern District of Virginia returned a verdict in favor of DuPont, finding that Kolon wilfully and maliciously misappropriated and used at least 149 of DuPont's trade secrets. The jury awarded compensatory damages of US $919.9 million and the Court awarded punitive damages of US $350,000. On November 22, 2011, the Court entered final judgment against Kolon. *See* Exhibit B.

**Post-judgment Proceedings**

12.  After entry of the Judgment, Kolon sought to stay execution pending appeal. On April 10, 2012, the U.S. District Court for the Eastern District of Virginia denied Kolon's motion to stay execution and granted DuPont's motion for permission to register the Judgment in other federal Districts pursuant to 28 U.S.C. § 1963. *See* Exhibits C & D.

13.  On April 13, 2012, DuPont registered the Judgment in this Court.

**IBK Holds Kolon's Assets**

14.  Kolon has supplied discovery related to its assets and ability to satisfy the Judgment. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *See* Exhibit E.

15.  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (reproduced at Exhibit F), ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇



### This Court Has Personal Jurisdiction Over IBK

16. IBK operates and does business through its New York branch, located at 1250 Broadway, 37th Floor, New York, NY 10001, and is supervised by the New York Department of Financial Services as a branch of a foreign bank. *See* Exhibit G. According to the New York Department of Financial Services, a "Foreign Bank Branch is an office of a foreign bank that is licensed by the Superintendent to conduct banking business in New York . . . [which] may exercise the same powers as a state-chartered commercial bank, including accepting deposits, making loans, issuing letters of credit, dealing in foreign exchange, making acceptances and, if authorized, exercising fiduciary powers." *See* Exhibit H.

17. I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
May 24, 2012

Carrie A. Tendler

KOBRE & KIM LLP
800 Third Avenue
New York, New York 10022
Tel: +1 212 488 1213
Fax: +1 212 488 1220