**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-1260

E.I. DUPONT DE NEMOURS & COMPANY,

        Plaintiff - Appellee,

    v.

KOLON INDUSTRIES, INC.,

        Defendant - Appellant,

    and

KOLON USA, INC.,

        Defendant,

    v.

ARAMID FIBER SYSTEMS, LLC,

        Third Party Defendant.

No. 12-2070

E.I. DUPONT DE NEMOURS & COMPANY,

        Plaintiff - Appellee,

    v.

KOLON INDUSTRIES, INC.,

        Defendant - Appellant,

    and

KOLON USA, INC.,

        Defendant,

v.

ARAMID FIBER SYSTEMS, LLC,

        Third Party Defendant.

---

Appeals from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, Senior District Judge.  (3:09-cv-00058-REP)

---

Argued:  May 17, 2013                            Decided:  April 3, 2014

---

Before SHEDD and DIAZ, Circuit Judges, and DAVIS, Senior Circuit Judge.

---

Vacated and remanded with instructions by unpublished per curiam opinion.  Judge Shedd wrote a separate opinion concurring in the judgment.

---

**ARGUED:** Paul D. Clement, BANCROFT, PLLC, Washington, D.C., for Appellant.  Adam Howard Charnes, KILPATRICK TOWNSEND & STOCKTON LLP, Winston-Salem, North Carolina, for Appellee. **ON BRIEF:** Stephen B. Kinnaird, Jeff G. Randall, Igor V. Timofeyev, PAUL HASTINGS LLP, Washington, D.C.; Jeffrey M. Harris, BANCROFT, PLLC, Washington, D.C., for Appellant.  Raymond M. Ripple, Donna L. Goodman, E.I. DUPONT DE NEMOURS AND COMPANY, Wilmington, Delaware; Brian C. Riopelle, Rodney A. Satterwhite, MCGUIREWOODS LLP, Richmond, Virginia; Richard D. Dietz, Thurston H. Webb, KILPATRICK TOWNSEND & STOCKTON LLP, Winston-Salem, North Carolina; Michael J. Songer, Stephen M. Byers, CROWELL & MORING LLP, Washington, D.C., for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

"Absent fundamental error, we are loath to overturn a jury verdict in a civil case. Jury trials are expensive, in time and resources, both for the litigating parties and for society as a whole." Terra Firma Investments (GP) 2 Ltd. v. Citigroup Inc., 716 F.3d 296, 298 (2d Cir. 2013). We are constrained to find such a fundamental error in this diversity action.

Appellee E.I. DuPont De Nemours & Co. (DuPont) sued Kolon Industries, Inc. (Kolon), under the Virginia Uniform Trade Secrets Act (the "VUTSA"), Va. Code § 59.1-336. After a seven-week trial, the jury returned a verdict finding that Kolon willfully and maliciously misappropriated 149 DuPont trade secrets and awarded DuPont $919.9 million in damages.

Kolon has timely appealed, raising a host of issues, urging us to enter judgment in its favor as a matter of law or, alternatively, to order a new trial. Having carefully considered the record before us and the arguments of counsel, we are persuaded that the district court abused its discretion, to Kolon's prejudice, when it granted one of DuPont's pre-trial motions in limine and thereby excluded relevant evidence material to Kolon's defense. Accordingly, we vacate the judgment and remand with instructions.

DuPont is a well-known chemical company that has, for more than thirty years, produced "Kevlar," a high-strength para-

aramid fiber that is five times stronger than steel. Kevlar is used in ballistics, bullet-resistant armor, and automotive and industrial products. Kevlar is made through a highly complex chemical process that results in a dough-like polymer being spun at high speed until it becomes a fiber. DuPont maintains that Kevlar's production process is a "well-guarded secret." DuPont Br. 3. All DuPont employees working on Kevlar are required to sign a confidentiality agreement. Additionally, DuPont requires all visitors to the Kevlar plant to be pre-approved, and to sign a confidentiality agreement before entering.

Kolon is a South Korean corporation that has produced synthetic fibers, including nylon and polyester, for decades. Kolon engaged in pilot projects for the development of para-aramid pulp and fiber products in the 1980s and 1990s. It suspended its para-aramid research in the mid 1990s during the Asian financial crisis but resumed in 2000. In 2005, Kolon marketed a para-aramid fiber under the name "Heracron."

In 2006, Kolon sought out five former DuPont employees to work as consultants to improve its para-aramid manufacturing technology and to assist in resolving quality issues with Heracron. According to Kolon, the consultants "assured Kolon they were not sharing confidential DuPont information," Kolon Br. 3, but the jury was entitled to find, to the contrary, that Kolon willfully and knowingly acquired from one or more of the

consultants a myriad of DuPont trade secrets concerning Kevlar, involving both technical and business/marketing confidential information.

DuPont learned of Kolon's alleged strategy of collecting and utilizing its trade secrets when Kolon began consulting with Michael Mitchell, a former employee of DuPont. Mitchell had extensive knowledge of both the technical and business trade secrets relating to Kevlar. Kolon contacted Mitchell in 2007 and flew him to Korea to meet with Kolon to discuss certain aspects of Kevlar manufacturing. After his initial visit with Kolon representatives in Korea, Mitchell continued to communicate with Kolon about Kevlar's manufacturing process. In addition to Mitchell, Kolon obtained confidential information from several other former DuPont employees.

In 2008, the FBI opened an investigation into Mitchell and his relationship with Kolon. After a search warrant was executed at his home, Mitchell agreed to cooperate with the FBI. Through Mitchell and others, the FBI obtained compelling evidence of Kolon's misconduct. (On August 21, 2012, a federal grand jury in the Eastern District of Virginia indicted Kolon and five of its executives for theft of trade secrets, conspiracy, and obstruction of justice. See <u>United States v. Kolon Indus., Inc.</u>, No: 3:12-CR-137 (E.D. Va.)).

In February 2009, DuPont sued Kolon for substantial damages, alleging, among other theories, misappropriation of trade secrets under the VUTSA. Kolon filed antitrust counterclaims against DuPont. In due course, the district court granted DuPont's motion under Federal Rule of Civil Procedure 12(b)(6) and dismissed the counterclaims for failure to state a claim upon which relief could be granted. After we reversed the dismissal of the counterclaims and remanded, see E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435 (4th Cir. 2011), the district court proceeded to trial separately on the trade secret claims.

Critical to several of its theories of defense to DuPont's misappropriation claims, Kolon intended to introduce evidence that tended to suggest that a number of the alleged trade secrets put at issue by DuPont involved publicly available information. Specifically, Kolon theorized that DuPont itself had disclosed or otherwise failed to keep confidential such information in the course of intellectual property litigation in which it was engaged during the 1980s with its then primary competitor, AkzoNobel. One such case had been litigated in the Eastern District of Virginia ("the Akzo litigation"); DuPont was represented by the same law firm representing it in this case.

As the commencement of the trade secrets trial approached, DuPont filed a motion in limine "to Preclude Kolon from

Presenting Evidence or Argument at Trial Concerning the Akzo Litigations," arguing that such evidence was not relevant and that permitting the jury to consider any such evidence would cause confusion and delay, to DuPont's prejudice. See Fed. R. Evid. 401, 403. The district court agreed with DuPont and granted the motion in a summary order, concluding, in part, that "Kolon ha[d] produced no evidence that any particular trade secret, much less a trade secret that is at issue in this litigation, was disclosed in the litigation between [DuPont] and Akzo, N.V." J.A. 1918.

The case proceeded to trial before a jury over the course of seven weeks. The jury deliberated for two days and on September 14, 2011, returned a verdict finding that Kolon willfully and maliciously misappropriated all the trade secrets put in issue by DuPont. The jury found that Kolon's misdeeds resulted in a benefit to itself worth $919.9 million and awarded that amount in damages to DuPont. Following the verdict, the district court enjoined Kolon from para-aramid fiber production for twenty years. The district court denied Kolon's motion for a new trial and its renewed motion for judgment as a matter of law on January 27, 2012. Kolon filed this timely appeal on August 31, 2012. We stayed the district court's injunction pending our consideration of the merits of the appeal.

Meanwhile, Kolon's antitrust counterclaims were dismissed on summary judgment. We affirm the judgment in favor of DuPont on the antitrust counterclaims in an opinion filed today together with this opinion. Kolon Indus., Inc. v. E.I. duPont de Nemours & Co., --- F.3d --- (4th Cir. 2014).

On appeal from the trade secrets verdict in this case, Kolon challenges a host of the district court's pre-trial orders, trial decisions, and post-trial rulings.* We reject summarily Kolon's contention that it should be awarded judgment as a matter of law, but we find that a new trial is warranted. In light of our remand for a new trial, we need not and do not address the remaining procedural and evidentiary issues raised by Kolon, as those issues may or may not arise upon remand and, in any event, may arise in a decidedly different posture.

Kolon argues that the district court abused its discretion in excluding all evidence and any mention of the Akzo litigation. Kolon maintains that the excluded evidence would have tended to demonstrate that "[a]t least 42 of the trade secrets DuPont has asserted . . . involve information that was wholly or partially disclosed during the [prior] litigation."

---

* Kolon also challenges in this appeal, as it does in its appeal of the district court's summary judgment as to its antitrust counterclaims, the district court judge's denial of its motion for recusal. We reject that challenge here for the reasons stated in the companion opinion. See infra pp. 15-16.

Kolon Br. 37. Kolon further asserts that the district court's exclusion of that evidence severely limited its ability to put on a meaningful defense because it prohibited Kolon from establishing that one or more of the 42 alleged trade secrets cannot meet the elements of a protectable trade secret.

DuPont responds that the district court did not abuse its discretion in excluding all Akzo litigation evidence because Kolon failed to demonstrate that any of the trade secrets at issue in this case were disclosed in the Akzo litigation. We agree with Kolon.

Upon its review of DuPont's motion in limine, the district court concluded that Kolon failed to produce any evidence that "any particular trade secret, much less a trade secret that is at issue in this litigation, was disclosed" in the prior litigation; that Kolon did not establish that two documents contained in the publicly-available Joint Appendix in the appeal of the prior litigation contained any trade secrets; and that the evidence from the Akzo litigation was therefore irrelevant, and even if marginally relevant, its relevance would be significantly outweighed by jury confusion and delay. J.A. 1918-1919.

We review a district court's evidentiary rulings for abuse of discretion and "will only overturn an evidentiary ruling that is arbitrary and irrational." U.S. ex rel. Ubl v. IIF Data

Solutions, 650 F.3d 445, 453 (4th Cir.), cert. denied, 132 S. Ct. 526 (2011).

> Under Virginia law, a "trade secret" is defined as:
>
> information, including but not limited to, a formula, pattern, compilation, program, device, method, technique, or process, that:
>
> 1. Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, and
>
> 2. Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

Va. Code § 59.1-336 (2013).

Under the Federal Rules of Evidence, evidence is relevant if it has a tendency to make a fact of consequence to the action more or less probable than it would be without the evidence. Fed. R. Evid. 401. We are persuaded that, under this inclusive standard, Kolon provided the district court with a sufficient number of examples of how information disclosed in the Akzo litigation contained details of the Kevlar production process that were strikingly similar to aspects of several of the alleged trade secrets in this case.

The district court's conclusion that "Kolon has produced no evidence that any particular trade secret, much less a trade secret that is at issue in this litigation, was disclosed in the litigation between the plaintiff and Akzo," J.A. 1918, is simply

too stringent a standard for admissibility. Under the circumstances of this case, we think a "strikingly similar" standard of relevance is enough.

First, Kolon has drawn this Court's attention to the substantial similarities between two charts illustrating a certain aspect of the para-aramid production process. The parties agree that one of the charts was used as an exhibit in the Akzo litigation, and the other was used as an exhibit depicting some of the alleged trade secrets at issue in this suit. We conclude that Kolon was entitled to have the jury consider its contentions, including its expert opinion evidence, regarding the similarities and overlap between what is depicted in the two documents.

Second, in its opposition to DuPont's motion in limine, Kolon provided the district court with a chart comparing seven alleged trade secrets concerning the production process contained in an expert witness report in this case with descriptions of, and citations to, those same details of the production process that were disclosed in a trial exhibit in the Akzo litigation. See J.A. 6260-6261. Kolon explained in its opposition memorandum that this chart represented only the preliminary results of its review of the Akzo litigation evidence for the potential disclosure of all or part of alleged trade secrets in this case. We hold that Kolon was not required

11

to establish, as the district court seemingly demanded, that evidence derived from the Akzo litigation amounted to an actual trade secret at issue in this case. Rather, to show the relevance of the evidence, Kolon simply needed to make a plausible showing that, either directly or circumstantially, one or more elements of DuPont's misappropriation claims, e.g., the reasonableness of its efforts to maintain confidentiality, was *less likely* true. Equivalently, Kolon simply needed to make a plausible showing that, either directly or circumstantially, one or more elements of its defenses, either to liability or to the quantum of damages, e.g., the reasonableness of its asserted belief that its consultants were not disclosing trade secrets, was *more likely* true than not true.

This last-mentioned point is particularly salient here because one of Kolon's consultants had served as an expert witness for DuPont in the Akzo litigation. While there were myriad infirmities and deficiencies in that witness's testimony, and his credibility is surely open to serious question, Kolon was nonetheless entitled to put on its case through that witness, who was himself a DuPont witness in the Akzo litigation. The district court's wholesale preclusion of any mention of the Akzo litigation made that impossible.

With reluctance, we hold that the district court abused its discretion and acted arbitrarily in excluding, on the wholesale

basis that it did, as irrelevant or insufficiently probative, evidence derived from the Akzo litigation. The usefulness of pre-trial in limine motions in streamlining trial generally and in fostering the orderliness of evidentiary presentations of complicated issues cannot be doubted. On the other hand, a court is often wise to await the unfolding of evidence before the jury before undertaking to make definitive rulings on the likely probative value of disputed evidence. Kolon has demonstrated on appeal that evidence from the prior litigation over DuPont's Kevlar program was not irrelevant as a matter of law and that the probative value of that potential evidence exceeded the bare minimum the district court seemed to ascribe to it. "Weighing probative value against unfair prejudice under [Rule] 403 means probative value with respect to a material fact if the evidence is believed, not the degree the court finds it believable." Bowden v. McKenna, 600 F.2d 282, 284-85 (1st Cir. 1979) (footnote and citation omitted).

Although it is true, as DuPont contends, that the mere "presence [of confidential information] in [a federal court's] public files, in and of itself, did not make the information contained in the document 'generally known' for purposes of the [UTSA]," Hoechst Diafoil Co. v. Nan Ya Plastics Corp., 174 F.3d 411, 419 (4th Cir. 1999) (last brackets in original), we also emphasized in that very case that "whether [ostensibly

13

confidential information] remains a trade secret" "is a fact-intensive question to be resolved upon trial." Id.

To be sure, there is little doubt as to the possibility of juror confusion and perhaps delay arising from attention to other litigation in a trial having the complexity this one surely did. Nevertheless, under Federal Rule of Evidence 403, exclusion on that basis is only proper when the probative value of the evidence is substantially outweighed by the danger of confusion of the issues or misleading the jury. That standard is not satisfied on this record. At bottom, the potential for confusion and delay does not outweigh, much less substantially outweigh, the probative value (as to both liability and damages) of the excluded evidence. When a district court conducts a Rule 403 balancing exercise, ordinarily it should "give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." Deters v. Equifax Credit Info. Servs., Inc., 202 F.3d 1262, 1274 (10th Cir. 2000) (citations omitted). The district court did not do so in this instance.

We hasten to add that we are not to be understood to suggest that anything Kolon labels as derived from the Akzo litigation must be admitted on the retrial. We are persuaded, however, that the blanket exclusion of such evidence seriously prejudiced Kolon's ability to present its case to the jury. The district court is free on remand to determine in a more nuanced

and particularized manner what evidence offered by Kolon or DuPont should be admitted.

\* \* \* \* \*

As set forth in detail in the majority opinion in the companion case filed together with this opinion, see Kolon Indus., Inc. v. E.I. duPont de Nemours & Co., --- F.3d ---, --- (4th Cir. 2014), we decline to countenance Kolon's belated disqualification motion under 28 U.S.C. § 455(b)(2). Although Kolon has sought to justify its dilatoriness by suggesting that it needed to ascertain the extent of the district judge's actual participation in the Akzo litigation before filing a recusal motion, the factual and legal basis for its eleventh hour motion for disqualification was the fact that the district court judge was a partner in a law firm representing DuPont in the earlier litigation. This was a fact known to Kolon from the first days after DuPont's complaint was filed and served in this case. In any event, for the very reasons set forth in the majority opinion in the companion opinion, we hold that Kolon's motion was untimely.

That said, we think it prudent to direct, pursuant to our supervisory powers under 28 U.S.C. § 2106, that all further proceedings on remand be conducted before a different district judge. Accordingly, for the reasons set forth, we vacate the judgment and remand this case to the Chief Judge of the Eastern

District of Virginia, whom we direct, in the exercise of this Court's supervisory powers, to reassign it to another judge, who shall conduct further proceedings in a manner not inconsistent with this opinion.

<u>VACATED AND REMANDED WITH INSTRUCTIONS</u>

SHEDD, Circuit Judge, concurring in the judgment:

For the reasons stated in my separate opinion in Kolon Industries, Inc. v. E.I. DuPont de Nemours & Co., No. 12-1587, I would find that the district judge was recused from this case under 28 U.S.C. § 455(b)(2) no later than July 2011, prior to the trade secrets trial. I therefore concur in the judgment vacating the jury verdict and remanding for further proceedings. I likewise concur in the portion of the judgment requiring reassignment to another judge.